IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21-cr-00841 |
| | ) | |
| v. | ) | **DEFENDANT'S SENTENCE** |
| | ) | **MEMORANDUM** |
| DAVID CORTEZ MARSHALL, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Defendant, David Cortez Marshall, Jr., respectfully submits this memorandum in support of his request for a 33-month sentence. This sentence is within the advisory Guideline sentence set out in the Presentence Investigation Report (hereinafter the "PSR").

## PROCEDURAL AND FACTUAL BACKGROUND

The case emanates out of a Federal investigation into the purchasing activities of the Orangeburg County School District. At the completion of the investigation and prior to the initiation of any formal charges David was contacted by the FBI. Through auspices of counsel, David meet with Federal authorities on September 15, 2021, October 8, 2021, and November 15, 2021. These meetings served as the foundational basis to formulate a Plea Agreement which was signed on December 2, 2021 and filed on December 9, 2021. A single count Information was filed on December 9, 2021. David received a Summons to appear at the U.S. District Court on January 27, 2022. He made his initial appearance before United States Magistrate Judge Shiva V. Hodges on January 27, 2022. He was released on a $25,000.00 unsecured bond. On the same day, January 27, 2022, David entered a Guilty Plea. Since his Guilty Plea he has met Federal authorities on

January 31, 2022 and April 13, 2022. David has also supplied to the FBI the requested transaction information. David has participated in five total meetings with Federal authorities.

As noted above David, via counsel, engaged in the debriefing process and shortly thereafter signed a Plea Agreement and entered a timely Guilty Plea.

David pled guilty to Count One of the Information, Wire Fraud, in violation of 18 U.S.C. § 1343. The PSR calculated a Criminal History of I and after applicable adjustments determined an offense level of 20 and an advisory Guideline sentence of 33-41 months. No objections were posed to the PSR.

## SENTENCING FACTORS CONSIDERATION FOR DAVID MARSHALL WARRANT A 33-month SENTENCE

### History and Characteristics of the Defendant

The personal history / family data and offender characteristics depict that David has had a stable family life and enjoys a sound relationship with his wife and child (PSR ¶¶ 66 & 67). David understands that his conduct will not only affect him (direct and collateral consequences of a conviction), but will also adversely impact his family. The prospect of a lengthy sentence has given David cause to reflect on his case.

David takes full responsibility for his conduct (PSR ¶¶ 45, 63 & 64). When contacted about his activity, within a short period of time, he brought the matter to closure. (Plea Agreement signed December 2, 2021 and filed December 9, 2021).

The pre Court hearing commitment to resolve the case is reflective of his remorse and contrition. A letter by David has been attached to this memorandum. This attachment is being

2

presented to accommodate his request that it be presented to the Court. This letter provides insight into David's history, offense conduct and his commitment to reformation.

David has acknowledged guilt. His change of plea and extensive pre Court and post Plea debriefings are consistent with someone who is remorseful and wants to rehabilitate himself.

### Seriousness of the Offense and Respect for the Law

David acknowledges he is facing a substantial sentence. He is aware that he will be incarcerated for a substantial period of time. There is no doubt that a 33-month advisory Guideline sentence will reflect the seriousness of the case and promote respect for the law. An additional consideration is that any sentence imposed by the Court irrespective of duration will be followed by up to a three year – term of supervised release (PSR ¶¶ 81-85). The combination of an active sentence of significant duration followed by supervised release reflects the seriousness of the offense and promotes respect for the law.

### Just Punishment

David has accepted responsibility for his conduct. His conduct has demonstrated poor judgment and engagement in serious criminal activity. His conduct, especially in light of his pre-Change of Plea and post Plea debriefings, shows his commitment to reformation and that the goals of sentencing can be served by imposing a 33-month advisory Guideline sentence.

### Deterrence / Protection of the Public

Courts must impose sentences consistent with 18 U.S.C. § 3553(a). The statute directs courts to examine the issues of deterrence and incapacitation/protection of the public from further crimes of the defendant. (18 U.S.C. §§ 3553(a)(2)(B) and (C)). It appears that when viewed in tandem, (a)(2)(B) and (a)(2)(C) support consideration of specific deterrence and incapacitation.

3

With respect to the factor of specific deterrence (the goal of stopping the defendant from committing crimes in the future), there is ample information to support that the deterrence/protection of the public from future crimes concerns can be addressed by an advisory Guideline sentence of 33 months. With respect to specific deterrence (stopping the defendant from committing crimes in the future) a 33-month advisory Guideline sentence followed by supervised release (PSR ¶¶ 81-85) will incapacitate David and provide post-incarceration supervision.

A 33-month advisory Guideline sentence will sufficiently address the retribution, deterrence and incapacitation purposes of sentencing. Congress has directed that the sentencing court balance the purposes to determine a sentence that addresses the future needs of society and a defendant. Deterrence, incapacitation, and rehabilitation are prospective goals. With regard to the sentencing factor of deterrence, it is a fallacious notion that only a lengthy sentence will serve the interest of general deterrence. Since the onset of the Guidelines there has been a consensus that the probability of getting caught coupled with the certainty and definitiveness of punishment improves deterrence, not the severity of punishment for a single defendant. The utility of the sentencing factors is that the Court can impose punishment not exclusively based on a defendant's culpability, but by fashioning an appropriate sentence.

David's circumstances are such that he will be incapacitated until his eventual release and placement on supervised release (PSR ¶¶ 81-85). The need for both specific and general deterrence will be addressed when he receives a sentence for the offense of conviction.

The 33-month advisory Guideline sentence will afford adequate deterrence to criminal conduct, *See* 18 U.S.C. § 3553(a)(2)(B), and protect the public from further crimes of the defendant, *See* 18 U.S.C. § 3553(a)(2)(C).

4

<u>Criminal History / Empirical Data</u>

As a 31-year old fraud defendant with a single criminal history point, David is a minimal risk to reoffend. The Sentencing Commission has recognized that not only does recidivism decrease with age, but that criminal history, offense type and offender characterization play a significant role in assessing recidivism.

According to the Sentencing Commission, all male offenders in Criminal History Category ("CHC") I, the recidivism rate is 15.2% and the recidivism rate is 14.6% for offenders in his age group. For those who have been employed, the rate is 12.7%; and for those who were ever married, the rate is 9.8%. For those with no history of illicit drug use (see PSR ¶ 72), the recidivism rate is half that of those who do have a drug history. Offenders who have been employed, married, and are drug free, the recidivism rate is much lower. See *U.S. Sent'g Comm'n, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at Exh. 9, at 28; Exh. 10, at 29 (May 2004) [hereinafter Measuring Recidivism]*. For all Category I defendants convicted of <u>fraud</u>, the recidivism rate is just 9.3%, the lowest of any offense category, which is 45% below the rate for all fraud offenders. *Id., Exh 11, at 30.*

Congress and our Courts have recognized that an individualized sentence cannot be accomplished by a rote application of the Guidelines.

That is why it is critical for the Court to make a thorough assessment of all of the unique circumstances present in this case: Extensive pre and post Plea debriefings, prompt acceptance of responsibility and the sentencing factors.

The aforementioned Sentencing Commission data is critical for an individualized sentence.

5

The Supreme Court recognized the authority of the Sentencing Commission and the importance of its mandate to assist courts in sentencing. This is especially significant with respect to the Sentencing Commission's ability to gather empirical data.

Notwithstanding the advisory status of the Guidelines, the Supreme Court has "nevertheless preserved a key role for the Sentencing Commission." *Kimbrough v. United States*, 552 U.S. 85, 108 (2007). "Congress established the Commission to formulate and constantly refine national sentencing standards." *Id.* "[T]he sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." *Rita v. United States*, 551 U.S. 338, 348 (2007). "Carrying out its charge, the Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Kimbrough*, 552 U.S. at 108-09 (*citations omitted*).

The United States Sentencing Commission data cited herein is of great significance, in the context of this case. It informs the Court why a 33-month advisory Guideline sentence is appropriate. Weighing the empirical data, sentencing factors of 18 U.S.C. § 3553(a), and the requirement that the sentence imposed not be greater than necessary to accomplish the goals of sentencing, the Court should impose a sentence at the bottom of the advisory Guideline range.

The bedrock of Federal sentencing is the Parsimony Principle: The command of Congress – that a criminal sentence be no greater than necessary to accomplish the statutory sentencing goals.

## CONCLUSION

6

The Court will impose a sentence of a significant period of incarceration. David has set out his sentencing arguments, based upon his own history and characteristics and the applicable sentencing goals. The arguments provide reasons for a 33-month advisory Guideline sentence.

The circumstances referred to herein along with the Parsimony Principle counsel for an advisory Guideline sentence of 33-months. This sentence, would be "sufficient, but not greater than necessary" to accomplish the goals of sentencing.

Respectfully submitted,

/s/Jonathan Harvey
Jonathan Harvey
Federal ID #1759
1701 Richland Street
Columbia, South Carolina 29201
(803)779-3363

Attorney for Defendant

Columbia, South Carolina

June 2, 2022

7

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21-cr-00841 |
| | ) | |
| v. | ) | |
| | ) | **CERTIFICATE OF CONSULTATION** |
| DAVID CORTEZ MARSHALL, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I, Jonathan Harvey, attorney for the above-captioned Defendant, do hereby certify that

consultation with opposing counsel would serve no useful purpose to resolve the matters addressed

in Defendant's Sentence Memorandum in support of 11(c)(1)(C) Plea Agreement.

Respectfully submitted,

/s/Jonathan Harvey
Jonathan Harvey
Federal ID #1759
1701 Richland Street
Columbia, South Carolina 29201
(803)779-3363

Attorney for Defendant

Columbia, South Carolina

June 2, 2022

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21-cr-00841 |
| | ) | |
| v. | ) | |
| | ) | **CERTIFICATE OF MAILING** |
| DAVID CORTEZ MARSHALL, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I, Jonathan Harvey, Esquire, do hereby certify that I mailed a true and correct copy of Defendant's Sentence Memorandum in support of 11(c)(1)(C) Plea Agreement in the above-captioned case, via the Court's e-noticing system, but if that means fails, then by regular mail, on the following person(s):

Brook Andrews, Esq.
U.S. Attorney's Office
1441 Main Street, Ste. 500
Columbia, SC 29201

/s/Jonathan Harvey

Columbia, South Carolina

June 2, 2022